UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 24-87-DLB-EBA

THE ESTATE OF RUTH ANN JOHNSON,
by GARY HARRISON, Administrator                       PLAINTIFF

v.                  <u>MEMORANDUM ORDER</u>

LAW OFFICES OF DAVID A. SIMMS PLLC, et al.            DEFENDANTS

*** *** *** ***

This matter is before the Court upon United States Magistrate Judge Edward B. Atkins' Recommended Disposition wherein he recommends that this matter be dismissed with prejudice. (Doc. # 83). Plaintiff has filed an Objection (Doc.# 89) to which Defendants have responded (Doc. # 91). For the reasons set forth herein, the Court **overrules** Plaintiff's Objection, and **adopts** the Recommended Disposition as the Opinion of the Court.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The Complaint in this matter alleges legal malpractice arising from the dismissal of an underlying personal injury lawsuit filed by Plaintiff, as Conservator for his mother, Ruth Ann Johson, against Kingsbrook Life Care Center.  (Doc. #1). This case was originally filed in the Southern District of West Virginia in September 2023 but, ultimately, transferred to this Court in August of 2024. (Doc. # 35).  Shortly after the transfer, and prior to entering a Scheduling Order, Magistrate Judge Atkins set the case for a telephone conference call with counsel on September 10, 2024.  (Doc. # 37).  Plaintiff's counsel

1

failed to appear. (Doc. # 40). This was the first instance in what quickly became a pattern of noncompliance on the part of Plaintiff. Magistrate Judge Atkins then set a mid-discovery teleconference with counsel on January 13, 2025. He included this information not only in the minute entry of the September 10 teleconference (Doc. # 40) but also in a subsequent Scheduling Order entered on September 12, 2024 (Doc. # 41). Yet, Plaintiff's counsel, again, failed to call in on January 13. As a result, Magistrate Judge Atkins ordered the Plaintiff to show cause why this action should not be dismissed for his failure to appear. (Doc. # 49). That Order specifically directed Plaintiff to show cause "on or before January 22, 2025." *Id.*

On January 24, 2025, two days after the deadline, for the Plaintiff responded, stating that counsel was "out of the office in a focus group" and "did not receive the order" until January 22, admitting that he was mistaken regarding electronic filing and asking that the matter not be dismissed. (Doc. # 52). A third teleconference was ordered to occur on July 22, 2025, for the purpose of scheduling a settlement conference. (Doc. # 81). Again, counsel for the plaintiff failed to appear. (Doc. # 82). Nevertheless, the Court scheduled the settlement conference for September 16, 2025, and directed Plaintiff's counsel to show cause on or before July 28, 2025, as to why they failed to appear for the telephonic conference. *Id.* Again, Plaintiff was specifically warned that failure to respond to the Court's show cause order would result in a recommendation that this case be dismissed. Predictably, July 28 came and went with no response from Plaintiff. Magistrate Judge Atkins then filed a recommendation that, due "to counsel's failure to respond to the show cause order and repeated failures to appear before this Court," this case be dismissed with prejudice. (Doc. # 83).

2

Plaintiff filed an Objection to explain the reasons for the failure to attend one of the conferences and to respond to the second show cause order. (Doc. # 89). He states that counsel missed the teleconference due to the failure to note the correct time on his calendar and did not properly show cause because he failed to read the Court's Orders. *Id.* He asks, once again, that this matter not be dismissed, despite his failure to comply with the Orders of this Court.

## II.   ANALYSIS

It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute. *See, e.g., Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980). Dismissal as a sanction is a harsh remedy. But, times, a necessary one. Courts must consider four factors in determining whether dismissal is an appropriate sanction for a party's failure to comply with a court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). The Court considers each of these factors in turn.

### A.  Willfulness, Bad Faith or Fault

The first factor, willfulness, bad faith, or fault, "requires a clear record of delay or contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (internal quotation marks and citations omitted). Contumacious conduct involves behavior that is "stubbornly disobedient" and that displays "either an intent to thwart

3

judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings." *Id*. at 704-705.

Here, there has been a pattern of delay and contumacious conduct. Three missed court proceedings and the failure to timely respond to two Show Cause Orders evidence not only persistent noncompliance with procedural obligations but an utter disregard for the impact of that noncompliance, such as requiring proceedings without the parties' full involvement or rescheduling. Mistakes with one's calendar, a backlog of emails and simply failing to read Orders are a far cry from mere inadvertence, but more akin to reckless disregard for the effect of their actions on this proceeding and willful noncompliance this Court's orders. *See Myers v. Doebler's Pennsylvania Hybrids*, 2017 WL 4230407, (E.D.Ky. September 20, 2017) (dismissing with prejudice and entering default judgment after the plaintiffs repeatedly failed to comply with court orders, ignored deadlines, and offered recurring excuses). Given the "consistent, extreme and inexcusable" conduct, this factor weighs in favor dismissal. *Id.* at *4.

### B. Prejudice

With respect to the second factor, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.' " *Carpenter*, 723 F.3d at 707.

The prejudice wrought upon Defendants is clear. Preparing for the proceedings which were repeatedly missed by Plaintiff, responding to his untimely filings and dealing with the disorderly progress of this case unduly burdened Defendants. As they point out, wasted time and resources are directly attributable to Plaintiff's conduct. "Defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to

4

mention the investment of time and resources expended to defend this case." *White v. Bouchard,* 2008 WL 2216281, at *5 (E.D.Mich. May 27, 2008); *see also Mohammed v. Fed. Home Loan Mortg. Corp.,* No. 14–CV–10039, 2014 WL 5817288, at *2 n.2 (E.D.Mich. Nov. 10, 2014); *Carthon v. Cent. State Univ.,* 290 F.R.D. 83, 87 (S.D.Ohio 2013) (citing *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008); *Rogers v. City of Warren,* 302 Fed.Appx. 371, 377–78 (6th Cir. 2008)). This factor weighs in favor of dismissal.

### C. Adequate Warning

Plaintiff received two explicit and specific warnings that failure to respond to the Court's Orders would result in the Magistrate Jude recommending this this lawsuit be dismissed with prejudice (Doc. # 49 and 82). Accordingly, this factor weighs in favor of dismissal.

### D. Alternative Sanctions

The fourth factor requires courts to consider whether less drastic sanctions than dismissal would be appropriate. Case law establishes that dismissal is an appropriate sanction only if the party's actions "amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Carpenter,* 723 F.3d at 709. (internal quotation marks and citations omitted).

The cumulative and aggregate conduct of Plaintiff amounts to a failure to prosecute this matter. It is clear that he does not intend to Comply with Orders, despite this Court's show of leniency after his first failure to appear. *See Lee v. Glaxosmithkline LLC,* 2014 WL 691192, at *2 (W.D.Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including to appear at a Rule 26(b) scheduling conference and to respond to an Order to Show Cause").

This Court has considered lesser sanctions, but it appears unlikely that any would adequately affect Plaintiff's conduct. Meanwhile, Defendants continue to suffer prejudice while Plaintiff continues to thwart the orderly processes of this Court. Therefore, the final factor favors dismissal.

The Court notes that in his Objection, Plaintiff appears to consider his conduct as isolated, citing to cases involving a single late filing or failure to appear or a lack of explicit warnings of dismissal. Such is not the case here.

Plaintiff also suggests that the failures of counsel should not be visited upon him. As Defendants point out, the United States Supreme Court has held otherwise:

> [t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.

*Link,* 370 U.S. 633-34. The *Link* Court noted that "any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Id.* at 634.

## III.   CONCLUSION

As all factors weigh in favor of dismissing this matter with prejudice, **IT IS ORDERED** as follows:

(1) Plaintiff's Objections to the Recommended Disposition (Doc. # 89) are **OVERRULED**;

(2) the Recommended Disposition (Doc. # 83) is **ADOPTED**; as the Opinion of the Court;

6

(3) All pending motions (Docs. # 65, 93, 97-103, 105, 106 & 120) are **DENIED AS MOOT**; and

(4) This matter is **DISMISSED WITH PREJUDICE** and stricken from the docket of this Court.

This 26th day of November, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2024\24-87 Dismissal Order.docx